NOGUERAS v. MUNICIPAL COURT OF CAYEY.

APPLICATION for a Writ of Certiorari.

No. 5.—Decided December 22, 1904.

CERTIORARI—APPEAL.—A writ of *certiorari* will not issue from a superior court for the purpose of correcting errors committed by an inferior court which may be corrected by means of an ordinary appeal.

ID.—UNDERTAKING TO KEEP THE PEACE.—An appeal lies from judgments rendered by municipal judges and justices of the peace requiring a bond or undertaking to keep the peace.

The facts are stated in the opinion.

*Mr. Benítez Castaño,* for plaintiff.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On the 5th instant Attorney Eugenio Benítez Castaño, counsel for Juan Nepomuceno Nogueras and Juan Nogueras, filed with this Supreme Court an application for a writ of *certiorari,* alleging that the former had reported to police Captain Francisco Cabrera that on the 4th ultimo, in the town of Cayey, a certain Lorenzo Vázquez had addressed insulting words to him. Said captain did not take any action to prevent a repetition of Vázquez's insults and provocations, and, thus encouraged by impunity, the latter again insulted and provoked him while in the company of his brother Juan Nogueras, which gave rise to an altercation for which they were arrested by the police and taken to the municipal jail. The following day a complaint was lodged against the three by said Captain Cabrera before the municipal judge of that town, for disturbing the peace. In their testimony before said municipal judge they related the facts as they had occurred, and offered to furnish evidence of their innocence, but were required by the judge to give bond in the sum of $1,000, to keep the peace toward the People of Porto Rico, without, however, complying with the provision of section 67 of the Penal Code or taking testimony in relation to the complaint. Such proceed-

ing being illegal, inasmuch as the express provision of aforesaid Code, with reference to undertaking to keep the peace, had not been complied with, they ask this court to issue a writ of *certiorari,* requiring the municipal judge of Cayey to transmit the record of the proceedings had, and upon examination thereof to decide the case according to law.

The act of the Legislative Assembly, authorizing writs of *certiorari,* approved March 10, 1904, gives under section 1, the following definition:

"*Certiorari* is a writ issued by a superior to an inferior court requiring the latter to send to the former a certified copy of some proceeding therein pending or the record and proceedings in some case already terminated in cases where procedure is not according to the course of the law, and to complete the proceedings when the lower court refuses to do so upon erroneous grounds."

It cannot have been the intention of the legislature to give to the writ of *certiorari* so wide a scope that, by its means, errors of law or of fact committed in a proceeding had in an inferior court could be amended by a superior court, when this end can be attained by means of an ordinary appeal; for, were the contrary doctrine to be accepted, appeals would be superfluous in cases where they are authorized by law.

It is true that the Penal Code establishes, under Title VI thereof, a special proceeding with reference to undertakings to keep the peace, and that in the sections of said title no mention is made as to what appeal can be taken from the decision of a justice of the peace, requiring a bond or undertaking to keep the peace toward the People of Porto Rico, and especially against the informer.

To supply this omission in Title VI of the Penal Code, recourse should be had to section 29 of the Code of Criminal Procedure, as modified by an act of the Legislative Assembly to amend, add to and repeal certain sections of the Code of Criminal Procedure, approved March 12, 1903, which provides

that the defendant may appeal from a judgment of conviction to the district court within three days; but even granting that the Code of Criminal Procedure, in providing for an appeal, refers in express terms to cases where the justice of the peace fines or commits the defendant to jail, or both, this appeal should, for the same reason, be understood as available where the decision requires a bond or undertaking to keep the peace, for *eadem debet esse juris dispositio.*

At present, in towns like Cayey, the municipal judge exercises the same functions which formerly appertained to justices of the peace and municipal judges, in the manner provided by the "Act of the Legislative Assembly Reorganizing the Judiciary of Porto Rico," approved March 10, 1904.

The petitioners, then, could have taken an appeal from the decision of the municipal judge of Cayey, and, therefore, the writ of *certiorari* applied for by them, will not issue.

*Denied.*

Chief Justice Quiñones and Justices Figueras, MacLeary, and Wolf concurred.